UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KATHERINE LUCKINBILL,<br>Plaintiff,<br><br>vs.<br><br>MAJ HOLDINGS, INC., A SOUTH DAKOTA CORPORATION;<br>Defendant. | 4:16-CV-04012-LLP<br><br>ORDER DENYING UNITY POINT SAINT LUKE'S MOTION TO QUASH<br><br>Docket No. 67 |

**INTRODUCTION**

This is a personal injury lawsuit brought by plaintiff Katherine Luckinbill, a resident of Nebraska, against defendant MAJ Holdings, Inc. ("MAJ"), a South Dakota corporation which owns and operates the Armour Quick Stop gas station and convenience store in Armour, South Dakota. Jurisdiction is founded upon the diverse citizenship of the parties and an amount in controversy in excess of $75,000. Ms. Luckinbill's attorneys served a subpoena *duces tecum* on third party Unity Point Health—St. Luke's of Sioux City, Iowa ("Unity Point"). See Docket No. 67-1. Unity Point has moved to quash the subpoena. See Docket No. 67. The Honorable Lawrence L. Piersol, United States District Judge, referred Unity Point's motion to this magistrate judge for resolution. See Docket No. 68; 28 U.S.C. § 636(b)(1)(A).

## FACTS

The following facts are taken from the plaintiff's complaint for the purpose of providing some context for evaluating Unity Point's motion. Citation of these facts is not an endorsement of their verity by the court.

On May 21, 2014, Ms. Luckinbill entered the Armour Quick Stop. Upon leaving that business, she stepped into a hole in the sidewalk in front of the store, injuring her ankle. Employees of the store told Ms. Luckinbill after she had been injured that they were aware of the existence of the hole in the sidewalk and that other persons had previously also fallen into the hole and been injured. Ms. Luckinbill suffered a broken ankle and asserts permanent injury and work limitations which reduce her post-accident earning capacity. She asserts a single count of negligence against MAJ in her complaint.

This case has been pending for two years. It was scheduled to go to trial June 27, 2017, and in anticipation of that date, the parties filed motions *in limine*, proposed jury instructions and verdict forms. On June 13, 2017, Ms. Luckinbill moved to continue the trial. Docket 51. She had seen her treating physician on June 5, 2017, and he had revised his opinions as to the need for greater work restrictions for Ms. Luckinbill and as to the need for future care. Id. This, in turn, required Ms. Luckinbill's vocational expert and economist to revise their opinions as well. Id.

The district court granted the continuance and later set the trial date in this matter for July 24, 2018. Docket No. 65. In addition, the district court ruled that the new medical opinions from Ms. Luckinbill's doctor would be

admissible at trial as would any responsive expert opinions from defendant. Docket No. 64. Following these events, Ms. Luckinbill apparently submitted to an independent medical examination (IME) with defendant's (also apparently) designated expert, Dr. Douglas Martin. Dr. Martin's deposition has since been taken by plaintiff's lawyers. Dr. Martin is an employee of nonparty Unity Point.

On November 15, 2017, plaintiff's counsel served Unity Point with a subpoena *duces tecum*, which is the subject of the pending motion. That subpoena demanded Unity Point produce the following categories of information:

> 1. Any information indicating the complete caption or other identifying information of all litigation and/or lawsuits in the past three years in which your employee, Dr. Douglas W. Martin, has prepared a report, provided a deposition, or offered any testimony;
>
> 2. Any information indicating the gross annual billings Dr. Martin or Unity Point Health has charged in the last three years for Dr. Martin to prepare independent, impartial, or adverse expert reports, give deposition testimony, and/or give testimony at trial in the context of a litigation matter and/or lawsuit;
>
> 3. Any information relating to the percentage of Dr. Martin's annual income from Unity Point Health that is derived from preparing independent, impartial, or adverse expert reports, giving deposition testimony, and/or giving testimony at trial at the request of any person or entity (including but not limited to, a defendant, defendant's insurer, defendant's employee, or defense attorney or law firm).
>
> 4. A list, spreadsheet, or data file containing the names and contact information of all individuals or entities requesting or retaining Dr. Martin to prepare independent, impartial, or adverse expert reports in the last three years including in such list the amounts paid for said report by each individual entity or the representative or insurer for each individual or entity. If no such list, spreadsheet, or data file exists, provide information sufficient

> to identify all such individuals or entities and their contact information.
>
> 5. A list, spreadsheet, or data file containing the names and contact information of all individuals who were the subject of independent, impartial, or adverse expert reports prepared by Dr. Martin in the past three years. If no such list, spreadsheet, or data file exists, provide information sufficient to identify all such individuals and their contact information.

See Docket No. 67-1.

In its motion to quash, Unity Point identifies itself as a hospital in Sioux City, Iowa, which employs Dr. Douglas W. Martin. See Docket No. 67 at p. 1. Dr. Martin is an occupational health physician. Id.

Unity Point objects to the subpoena on the basis that the information sought would violate the confidentiality of the persons examined by Dr. Martin. Although acknowledging that IMEs do not give rise to a patient-physician privilege, Unity Point argues the clear understanding of the parties involved in such proceedings is that the IME contains confidential information and will be used for purposes only of the proceeding in which the IME was rendered.

Aside from confidentiality, Unity Point also objects to the subpoena as unduly burdensome. It explains Dr. Martin is an employee who is paid a salary and that Dr. Martin is not compensated based on the number of expert reports he produces. Furthermore, Dr. Martin does a variety of medical work, not just IMEs. For example, he does Social Security exams, he treats patients, and he provides reports for nurse care managers, employers, insurance companies, attorneys and the Nebraska worker's compensation system. Unity Point does not keep separate records of these various categories of work done

by Dr. Martin. It estimates for the three-year period from 2014 – 2016, Dr. Martin has handled a total of 750 cases. The only way to determine which of these 750 cases constitutes an "independent, impartial, or adverse expert report" is to go through all 750 cases by hand and sort them out that way. This, Unity Point argues, would be unduly burdensome and extremely expensive.[1]

Unity Point filed its motion to quash on December 15, 2017, and requested additional time to provide briefing to the court and to supplement with additional affidavits. Although the court granted that request, no further filings have been made by Unity Point.

Ms. Luckinbill resists the motion to quash. Docket Nos. 70, 71 & 72. She argues the information requested in the subpoena is the same information Dr. Martin is required to produce under FED. R. CIV. P. 26 and has failed to produce. Furthermore, she argues the IMEs Dr. Martin has done in the past are not privileged because the subjects of those IMEs were not his patients.

**DISCUSSION**

It is important to note that the pending discovery request at issue in this case is not a motion directed at a party under the rules of discovery pertaining to parties. It is a subpoena directed to a nonparty. As such, the pending

---

[1] The court notes Unity Point never specifies the estimated time, manpower, or expense it thinks will be entailed. Conclusory allegations do not suffice to establish undue burden. Cincinnati Ins. Co. v. Fine Home Managers, Inc., 2010 WL 2990118, *1 (E.D. Mo. 2010); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996).

motion is governed by FED. R. CIV. P. 45, not by Rule 26. This is a significant difference, especially when the nonparty being served with the subpoena lives in a different state than where the litigation is pending.

As to out-of-state nonparties, Rule 45 provides they may be required to produce documents within 100 miles of where the nonparty resides, is employed or regularly conducts business. See FED. R. CIV. P. 45(c)(2)(A). Here, Ms. Luckinbill's subpoena requires Unity Point to produce the requested documents at its place of business in Sioux City, Iowa, so that complies with the above requirement.

A party or attorney issuing a subpoena pursuant to Rule 45 "must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." See FED. R. CIV. P. 45(d)(1). "*The court for the district where compliance is required* must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Id. (emphasis added).

Here, plaintiff's attorneys could have required Unity Point to produce the documents requested in the subpoena at their offices in Yankton, South Dakota, because the distance from Sioux City, Iowa, to Yankton is less than 100 miles. FED. R. CIV. P. 45(c)(2)(A). However, plaintiff's attorneys chose to designate Sioux City, Iowa, as the place for production of the requested documents. See Docket No. 67-1. That designated place for the compliance with plaintiff's subpoena is in another state—Iowa. Accordingly, a motion to quash in this district is not appropriate. FED. R. CIV. P. 45(d)(1). Unity Point

should have filed its motion to quash in the United States District Court for the Southern District of Iowa. See also FED. R. CIV. P. 45(d)(3) (stating "[o]n timely motion, the *court for the district where compliance is required* must quash or modify a subpoena . . ."). For this reason, the court denies Unity Point's motion.

Subpart (f) of Rule 45 allows a court where compliance is required (Sioux City, Iowa) to transfer a motion to quash to the court where the litigation is pending (South Dakota) if the nonparty consents or if there are exceptional circumstances. See FED. R. CIV. P. 45(f). However, there is no mirror provision allowing this court to entertain a motion to quash in the first instance where compliance is required in a different district.

The court notes that Ms. Luckinbill urges this court to deny the motion to quash because the information requested therein is largely the same information Dr. Martin should have produced pursuant to Rule 26(a)(2)(B)(v) but has not. Even if true, that does not compel Unity Point, an entity separate from Dr. Martin, to disgorge the information pursuant to subpoena. Rather, Ms. Luckinbill's remedy as to Dr. Martin and MAJ is to file a motion to compel against MAJ, with the possibility that Dr. Martin might not be allowed to offer his opinions at trial should MAJ fail to comply with Rule 26(a)(2)(B)(v). Rule 26 is applicable to parties and their experts. Ms. Luckinbill never asserts that Unity Point is MAJ's expert, so Rule 26 is not applicable to Unity Point.

## CONCLUSION

Based on the foregoing law, facts and analysis, it is hereby

ORDERED that the motion to quash filed by nonparty Unity Point [Docket No. 67] is hereby denied.

DATED this 2nd day of March, 2018.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge